## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Civil No. 22-134(1) (DWF/JFD)

              Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                         **OPINION AND ORDER**

Doron "Ron" Tavlin,

              Defendant.

This matter is before the Court on Defendant Doron Tavlin's objection to the Magistrate Judge's order denying Tavlin's motion for limited international travel (Doc. No. 46 (the "Order")).  (Doc. No. 47.)   The United States responded to Tavlin's objection.  (Doc. No. 49.)  For the below reasons, the Court affirms the Magistrate Judge's order.

The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's order and is incorporated by reference.  The Magistrate Judge denied Tavlin's request to travel internationally to the Netherlands from September 6-8, 2022, for the purposes of negotiating a partnership between his employer and a Dutch company.  The Court conducts a *de novo* review of a magistrate judge's order regarding conditions of release.  *See United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985).

In the Order, the Magistrate Judge noted that Tavlin has worked remotely during the pandemic and has had "many [Z]oom calls with the business in the Netherlands"

throughout their negotiations.  (Order at 2.)  The Magistrate Judge also found that Tavlin has motive to flee, as he has been charged with eleven federal felonies and faces a prison sentence if convicted.  (*Id.* at 3.)  Although Tavlin did travel abroad without incident in June 2022 when he knew he was under investigation, the Court agrees with the Magistrate Judge that traveling while under investigation is different than traveling after a federal indictment.  *See United States v. Gilbertson*, No. 17-CR-66(1) (PJS/HB), slip op. at 2 (June 14, 2017) (concluding that the defendant's motive to flee after an indictment was greater than before because "[m]any of those who are investigated are never indicted, but not many of those who are indicted end up being acquitted").

The Magistrate Judge ultimately concluded that denying Tavlin's "request to negotiate his business deal in person, rather than via Zoom, is a minor impingement on Mr. Tavlin's liberty compared with the interests of the United States, and of the Court, in adjudicating to finality the serious criminal charges against Mr. Tavlin."  (Order at 2.)  The Court agrees.

Restricting Tavlin's international travel is minimally burdensome.  While Tavlin concludes that these partnership negotiations "cannot continue remotely at this stage" and that remote negotiations are "not feasible," he does not explain why that is so.  (Doc. No. 47 at 10.)  Tavlin, like the defendant in *Gilbertson*, has conducted business remotely and can continue to do so for these negotiations.  *See United States v. Gilbertson*, No. 17-CR-66(1), slip op. at 2 (June 14, 2017) ("[The defendant]'s desire to talk with his investors in person rather than via teleconference or Skype does not justify lifting the

[international travel] restriction.").  Even if an in-person meeting were essential, as Tavlin asserts, he is free to host the meeting in Minnesota.

The Court also agrees with the Magistrate Judge's conclusion that Tavlin has motive to flee.  While Tavlin's alleged wrongdoing may not be as extreme as the defendant's conduct in *Gilbertson*, Tavlin is facing eleven felony counts and, if convicted, may serve time in prison.

This case differs from the cases Tavlin cites in his brief.  In *United States v. Tsering*, No. 11-CR-347 (ADM/JSM) (D. Minn. Jan. 26, 2012) (Doc. Nos. 44-45), the defendant requested permission to visit his family in a refugee settlement and the government did not oppose the request.  It was not an option for the defendant's family to come to the United States.  In *United States v. Hamdan*, No. 19-CR-60 (E.D. La. June 27, 2019) (Doc. Nos. 35-36), the defendant requested permission to travel to visit his mother-in-law, who suffered a life-threatening stroke.  Again, the government did not oppose the request and the defendant's ill mother-in-law could not travel to the United States.  Lastly, in *United States v. Snipes*, No. 06-CR-22, slip op. (M.D. Fla. Mar. 31, 2009) (Doc. No. 520), the defendant, Wesley Snipes, requested permission to travel for work, like Tavlin; however, the defendant in *Snipes* was a famous movie actor and had to film on location.  Remote working was not an option in *Snipes* as it is in this case.  Moreover, the filming could not be done in Florida, where Snipes resided.  Those cases are all legally and factually distinguishable from the case at hand, where Tavlin may participate in the negotiations remotely or host the negotiations in Minnesota.

Based upon the record before the Court, and the Court being otherwise duly advised on the premises, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Objection to the Magistrate Judge's August 26, 2022 Order (Doc. No. [47]) is respectfully **DENIED**.

2.      The August 26, 2022 Order (Doc. No. [46]) is **AFFIRMED**.


Dated:  September 2, 2022                                s/Donovan W. Frank
                                                        DONOVAN W. FRANK
                                                        United States District Judg