UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-134 (DWF/JFD) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Doron Tavlin (1), and David Gantman (3), | |
| Defendants. | |

**INTRODUCTION**

This matter is before the Court on Defendants Doron Tavlin and David Gantman's ("Defendants") appeal (Doc. No. 104) of Magistrate Judge John F. Docherty's May 16, 2023 order (Doc. No. 98). The United States of America (the "Government") filed a response. (Doc. No. 112.) For the reasons set forth below, the Court affirms the decision of the Magistrate Judge.

**BACKGROUND**

Defendants requested that the Government produce Rule 16 and *Brady* materials, including materials in the sole possession of the SEC. (Doc. Nos. 71, 74.) Tavlin argued that the U.S. Attorney's Office ("USAO") and SEC jointly investigated this matter and thus the Government must produce *Brady* and *Giglio* materials that are in the sole possession of the SEC. (Doc. No. 71 at 3.)

The Court asked the Government to provide *in camera* all materials in the possession of the Department of Justice or the SEC relating to the two interviews of

Defendant Afshin Farahan—which the SEC attended—"including, but not limited to, emails, records of phone calls, reports, and FBI 302s." (Doc. No. 98 at 5-6.)

Following the *in camera* review, the Magistrate Judge concluded that the USAO and SEC did not engage in a joint investigation. (*Id.* at 7.) The Magistrate Judge concluded that the materials provided *in camera* were "logistical" and included communications "coordinating calendars of FBI agents, AUSAs, defense counsel, an SEC lawyer, and [] Farahan as to interview dates, flight and hotel arrangements, and so forth." (*Id.* at 7-8.) The Magistrate Judge further concluded that "[n]one of the logistical communications discuss the evidence in the case or concern fact-gathering." (*Id.* at 8.) The sole exception was an email from an AUSA to an SEC lawyer which stated, "What is the lesser of evils for you if we were to do a call the week of July 26 to discuss evidence?" (*Id.*) The Magistrate Judge noted, however, that he "did not see a reply to this email" and declined to conclude that a joint investigation occurred "on the basis of a single email that referenced a potential, telephonic discussion of unknown evidence." (*Id.*)

The Magistrate Judge further noted that the SEC only attended two out of ten interviews. (*Id.* at 8.) The two interviews were both with Farahan. (*Id.*) The USAO did not participate in the SEC's depositions of Tavlin or Gantman. (*Id.*) Moreover, "[t]he SEC was not involved in the criminal charging decision, the grand jury proceedings, or the development of the USAO's strategy, nor did SEC counsel attend criminal court proceedings." (*Id.*) While the SEC shared information with the USAO, the Magistrate Judge concluded that the sharing of information did not amount to "joint fact-gathering."

2

(*Id.*)  The Magistrate Judge therefore denied Defendants' request that the Government produce Rule 16 and *Brady* materials in the sole possession of the SEC.  (*Id.* at 9.)

Defendants now appeal the Magistrate Judge's order.

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).  This is an "extremely deferential" standard.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (internal quotations and citation omitted).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017).

Under *Brady*, the Government must "learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  "The issue here is whether the SEC acted on the government's behalf in this case—specifically, whether the SEC acted on behalf of the prosecutors when it investigated and brought civil proceedings against [Defendants]."  *United States v. Gilberston*, No. 17-cr-66(1), 2018 WL 1905805, at *2 (D. Minn. Apr. 23, 2018) (cleaned up).

3

Defendants argue that the Magistrate Judge's conclusion that the SEC was not acting on the DOJ's behalf is clearly erroneous and contrary to the law. Specifically, Defendants argue that the record clearly reflects that the DOJ and SEC jointly investigated this matter, as the agencies "interviewed Farahan on two separate occasions and emailed about at least one conversation to discuss 'evidence.'" (Doc. No. 104 at 7.) Moreover, the SEC shared files with the Government, which the Government has used in preparing for trial.

The Magistrate Judge considered these arguments in the order. Namely, the Magistrate Judge concluded that the sharing of files did not amount to "joint fact-gathering." (Doc. No. 98 at 8.) And while the SEC and USAO jointly conducted two interviews of Farahan, the Magistrate Judge concluded that these interviews did not amount to a joint investigation, as the communications between the SEC and the USAO appeared to be logistical, and aside from a single email that vaguely references "evidence," the record does not reflect any discussions between SEC and USAO regarding fact-gathering, evidence, or strategy that would indicate that the SEC was acting on the USAO's behalf.

Defendants assert that this case is similar to *United States v. Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012). The Magistrate Judge considered *Gupta* and concluded that it was distinguishable from the case at hand, because the investigation in *Gupta* "consisted of joint interviews of at least 44 witnesses, during which both counsel for the United States and the SEC asked questions, and after which the SEC attorney consulted frequently with the AUSAs while preparing the interview summaries." (Doc. No. 98 at 7

4

n.5.)  In contrast, here the SEC only participated in two interviews with the USAO, and there is no evidence—aside from a vague email, which the Magistrate Judge addresses in the order—that the SEC and USAO consulted each other during the investigation.  It more likely appears that the two interviews of Farahan "were conducted together only as a matter [of] convenience."  *United States v. Blaszczak*, 308 F. Supp. 3d 736, 738 (S.D.N.Y. 2018).

Additionally, Defendants argue that the Magistrate Judge should not have relied on *Blaszczak*, because the case has been treated unfavorably by another court.  *See United States v. Bases*, 549 F. Supp. 3d 822, 829 (N.D. Ill. 2021) (concluding that *Blaszczak* "placed too much focus on whether the two agencies correlated their prosecutorial strategies as compared to the agencies' extensive cooperation in investigating the facts that led to their respective charging decisions").  Courts within the Southern District of New York, however, have relied on *Blaszczak*.  *See, e.g.*, *United States v. Alexandre*, No. 22-cr-326, 2023 WL 416405, at *6 (S.D.N.Y. Jan. 26, 2023) (citing *Blaszczak* and concluding a joint investigation did not occur even though "99% of all documents produced by the Government to Defendant thus far have come from either the CFTC or the Receiver"); *United States v. Ingarfield*, No. 20-cr-146, 2023 WL 3123002, at *4 (S.D.N.Y. Apr. 27, 2023) (noting that courts in the Southern District of New York, including in *Blaszczak*, have concluded that sharing *Brady* material does not alone indicate a joint investigation).  In this case, the Magistrate Judge considered the totality of the circumstances before making his decision.  The Court cannot conclude that the Magistrate Judge's consideration of *Blaszczak* was erroneous.

Overall, the Court concludes that the Magistrate Judge thoroughly considered Defendants' arguments, and the Magistrate Judge's conclusions are neither erroneous nor contrary to the law. The Court therefore affirms the Magistrate Judge's order.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Doron Tavlin and David Gantman's appeal of Magistrate Judge John F. Docherty's Order dated May 16, 2023 (Doc. No. [104]) is **DENIED**.

2. Magistrate Judge John F. Docherty's Order dated May 16, 2023 (Doc. No. [98]) is **AFFIRMED**.

3. The request for oral argument is **DENIED**.

Dated: July 19, 2023                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge