UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,           Criminal No. 22-134(1&3) (DWF/JFD)

      Plaintiff,

v.                                                              ORDER

Doron "Ron" Tavlin and
David Gantman,

      Defendants.

## INTRODUCTION

This matter came before the Court for pretrial on January 29, 2024. Consistent with and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Doron Tavlin's motion for joinder (Doc. No. [176]) is **GRANTED.**

2. Defendant David Gantman's motion for joinder (Doc. No. [181]) is **GRANTED**.

3. The United States of America's (the "Government") Motion *in Limine* to admit and exclude statements (Doc. No. [155]) is **DENIED** as premature. Consistent with the Court's remarks from the bench, the Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

4.     The Government's Motion *in Limine* to preclude Defendants from mentioning potential penalties (Doc. No. [156]) is **GRANTED** with respect to penalties facing Defendants Tavlin and Gantman.

5.     The Government's Motion *in Limine* to preclude reference to evidence of Defendants' lawful behavior (Doc. No. [157]) is **DENIED** as premature.  Consistent with the Court's remarks from the bench, the Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

6.     Defendant Tavlin's Motion *in Limine* No. 1 to partially exclude the testimony of Steven Thel (Doc. No. [159]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.     The Court addresses Thel's testimony in sections, based on the Government's notice to Defendants (Doc. No. 159-1).  Defendants do not object to the entirety of the sections entitled "The Securities Markets," "Mergers," and "Margin Trading."  These sections are relevant and provide helpful background for the jurors, and thus Thel may opine on those topics.  This is consistent with and survives the Court's analysis under Article 4 and Rule 702.

   b.     Next, regarding the "Insider Trading" section (*id.* at 4-6), the Court concludes that testimony purporting to explain the elements of insider trading does not survive the Court's analysis under Article 4 or Rule 702, as "expert testimony on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003); *see United States v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) (finding no error in the district court's decision

to exclude "testimony regarding the legal principles underlying insider trading"); *Sec. & Exch. Comm'n v. McGinnis*, No. 14-cv-6, 2019 WL 13172369, at *3 (D. Vt. Feb. 22, 2019) (concluding that expert testimony on "what constitutes insider trading . . . is impermissible because it improperly invades the providence of the judge to instruct on the law") (cleaned up).  Such testimony usurps the role of the judge in instructing the jurors on the law.  Additionally, testimony regarding the purpose of securities regulation and who is harmed by insider trading is similarly unhelpful to the jury.  *See Sec. & Exch. Comm'n v. McGinnis*, No. 14-cv-6, 2019 WL 13172408, at *6 (D. Vt. Feb. 21, 2019) (excluding testimony about the "harm to other investors caused by Defendants' alleged insider trading or by insider trading in general").  Thel also may not analogize insider trading to sports betting or gambling, as such testimony could confuse the jury and thus fails the Court's Article 4 analysis.  Thel may, however, opine on Farahan and Gantman's trading activities, including the volume, timing, associated risk, etc., without making conclusions related to insider trading or providing legal definitions.  The Court will also consider a limiting instruction to the extent that the parties believe one to be necessary.

      c.      The next section is "Afshin Farahan's Trades."  Thel may opine on the timing and volume of Farahan's purchases of Mazor stock.  Thel may also testify as to the risk associated with those purchases.  Thel may not conclude that Farahan had, or likely had, nonpublic information, as such conclusion is a legal conclusion that is reserved for the jury.

        d.      The final section is "David Gantman's Trades Were Exceptionally Speculative." Thel may explain why he believes the stock and option trading was speculative, risky, and atypical. Moreover, Thel may opine more generally that, based on his experience, one reason why someone would engage in unusually risky trading is because they have information that would justify the risk. *See S.E.C. v. Dunn*, No. 09-v-2213, 2012 WL 475653, at *3 (D. Nev. Feb. 14, 2012) (allowing an expert to opine that a person's trading behavior was "consistent with the behavior of insider traders," subject to a limiting instruction). He also may testify generally about why the timing of the trading is a relevant consideration. But Thel may not make conclusions about this case and may not conclude that Farahan or Gantman had material, nonpublic information. *See United States v. Whitman*, 555 Fed. App'x 98, 102 (2d Cir. 2014) (upholding district court's decision to allow an expert to testify about the defendant's trading activity and "draw comparisons" based on his prior trading activity but prohibiting the expert from turning those observations "into speculative conclusions" as to whether insider trading did or did not occur).

7.     Defendant Tavlin's Motion *in Limine* No. 2 to exclude 404(b) evidence (Doc. No. [160]) is **DENIED AS MOOT**, as the Government has indicated that its primary focus will be on Tavlin and Farahan's prior interactions involving the purchase or sale of stock, including the nature of their relationship.

8.     Defendant Tavlin's Motion *in Limine* No. 3 to exclude Mazor's insider trading policy (Doc. No. [161]) is **DENIED IN PART** and **GRANTED IN PART**.

Assuming proper foundation is laid, Mazor's insider trading policies are presumptively admissible and survive the Court's Rule 403 analysis. Often times, these policies make clear that the policy is unrelated to the law or goes above and beyond the law. In those situations, a limiting instruction (provided below) will be appropriate. At times, however, the policies attempt to explain the law, provide legal definitions, or explain the penalties for violating the law. Those portions of the policies will be subject to redaction. Prior to introducing these exhibits, the parties are directed to meet and confer regarding potential redactions. The Court will provide the following limiting instruction to the jury, where necessary:

> The evidence you are about to hear relates to Mazor Robotics's [insert name of policy]. I will be instructing you on the laws that apply in this case related to conspiracy, securities fraud, insider trading, and aiding and abetting securities fraud. You should not look to language in the policy to provide a statement of the laws that apply here. Only the instructions I give you at the conclusion of this case apply to your evaluation of the crimes alleged.

9. Defendant Tavlin's Motion to sequester witnesses (Doc. No. [162]) is **GRANTED IN PART** and **DENIED IN PART**. All witnesses except expert witnesses, Defendants Gantman and Tavlin, and the Government's two case agents are excluded from the courtroom. Additionally, these witnesses are prohibited from accessing trial testimony and the parties are prohibited from disclosing trial testimony to these witnesses. *See* Fed. R. Evid. 615(b)(1)-(2). While Tavlin notes that Rule 615 has been amended to allow only one party representative, the Court allows the Government's second case agent to remain in the courtroom pursuant to Rule 615(a)(3).

10. Defendant Gantman's Motions *in Limine* (Doc. No. [153]) are ruled on as follows:

    a. Defendant Gantman's motion to preclude any undisclosed 404(b) evidence pertaining to Gantman is **DENIED** as premature. Consistent with the Court's remarks from the bench, the Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

    b. Defendant Gantman's motion to preclude evidence in violation of Rule 608(b) is **DENIED** as premature. Consistent with the Court's remarks from the bench, the Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

    c. Defendant Gantman's motion to preclude any lay opinion on the question of insider trading or securities fraud is **GRANTED IN PART** and **DENIED IN PART**. Assuming proper foundation is laid, the evidence is presumptively admissible and survives the Court's Article 4 and Rule 701 analysis. Farahan may testify about his perceptions, observations, or interpretations regarding his interactions with Defendants, but Farahan may not provide legal conclusions. Should confusion arise, the Court will consider a limiting instruction.

11. Defendant Tavlin's request to review Co-Defendant Farahan's Preliminary Presentence Report (Doc. No. 55) is **GRANTED** to the extent that the Court will provide a redacted version and only defense counsel and Defendants can access and review the

document.  Defendants are prohibited from copying or disclosing information within the document to others.  Defendants are directed to return the redacted copies to the Court at the conclusion of trial.

Dated:  January 31, 2024                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge