**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                              Criminal No. 22-134(1) (DWF/JFD)

Plaintiff,

v.                                                                    **MEMORANDUM**
                                                                      **OPINION AND ORDER**

Doron Tavlin,

Defendant.

**INTRODUCTION**

This matter is before the Court on Defendant Doron Tavlin's motion for

compassionate release.  (Doc. No. 333.)  The United States of America opposes the

motion.  (Doc. No. 341.)  For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

On February 16, 2024, Tavlin was found guilty of conspiracy to engage in insider

trading and ten counts of securities fraud and aiding and abetting.  (Doc. No. 214.)  On

October 29, 2024, the Court sentenced Tavlin to an 18-month prison term to be followed

by a two-year term of supervised release.  (Doc. No. 285.)  Tavlin self-surrendered to the

Bureau of Prisons (the "BOP") on February 5, 2025.  (Doc. No. 319; Doc. No. 333 at 5.)

Tavlin is currently incarcerated at FCI Thomson with an anticipated release date of

February 14, 2026.  *Find an Inmate.*, Fed. Bureau of Prisons,

https://www.bop.gov/inmateloc (last visited Sept. 9, 2025).  Tavlin moves for

compassionate release based on medical circumstances and other reasons.  (Doc. No. 333.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Tavlin sent a request for compassionate release to his warden on July 16, 2025. (Doc. No. 333-4.) Therefore, the Court finds that Tavlin properly exhausted his administrative remedies.

Tavlin seeks compassionate release based on chronic back pain, an eye infection that has caused some blurry vision, his age (70 years old), extended lockdowns at FCI Thomson, his inability to participate in religious services, and other prison conditions. (Doc. No. 333 at 6-10.)

Tavlin's complaints would need to fall into the medical circumstances category or the catch-all category of extraordinary and compelling reasons. Medical circumstances constitute an extraordinary and compelling reason when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

To the extent that Tavlin's medical conditions could qualify as conditions requiring long-term or specialized care, he has not demonstrated that he is not receiving that care while in prison. In fact, the prison records show that he is receiving care. (*See* Doc. No. 342.) After reporting blurry vision and eye pain, Tavlin has seen a provider multiple times and has been prescribed medications to treat the infection. The infection has now resolved. In response to Tavlin's reported back pain, the BOP has provided over-the-counter medications, lidocaine patches, other medications, a TENS unit, and scheduled pain management appointments. Moreover, Tavlin has been able to keep his prison job as

3

a town car driver which requires adequate vision and sitting for several hours at a time. (Doc. No. 343.) Tavlin has not shown any evidence of a terminal illness, an inability to provide self-care, or an outbreak of infectious disease. *See* U.S.S.G. § 1B1.13(b)(1). Thus, the Court finds that Tavlin has not met any definition of medical circumstances.

Similarly, Tavlin's medical condition in combination with the other issues he raises are not sufficient under the catch-all category. Under that category, extraordinary and compelling reasons exist where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [the other categories], are similar in gravity to those described in [the other categories]." U.S.S.G. § 1B1.13(b)(5). Prison conditions typically are insufficient to support a motion for compassionate release. *See United States v. Roberts*, No. 12-cr-196, 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024). However, even if the Court considers prison conditions along with the other issues Tavlin raises, his circumstances are not similar in gravity to the other categories. Therefore, the Court finds that there are no extraordinary and compelling reasons warranting Tavlin's release.

Because the Court does not find extraordinary and compelling reasons that warrant a sentencing reduction, it does not reach the danger to the community inquiry or the § 3553(a) factors.

Although the Court sympathizes with Tavlin's situation, particularly the lengthy lockdown periods and the last-minute confusion regarding his assigned facility, his circumstances do not warrant a reduction in sentence at this time. At sentencing, the Court recommended FPC Duluth, but facility designation is ultimately a question

reserved for the BOP.  The Court has no authority to change the BOP's designation now

either.  However, it notes that transferring Tavlin to FPC Duluth—as he was originally

designated—would likely serve the interests of all parties and avoid any future

disagreements between them.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY**

**ORDERED** that Defendant Doron Tavlin's motion for compassionate release (Doc.

No. [333]) is respectfully **DENIED**.


Dated:  September 10, 2025                          s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge